341 P.2d 423

**J. GOLDEN BARTON MOTOR COMPANY, Incorporated, Plaintiff and Respondent,**

v.

**Calvin D. JACKSON, Defendant and Appellant.**

No. 9011.

Supreme Court of Utah.

July 9, 1959.

Ben ·G. Bagley, Midvale, for appellant.

Adam M. Duncan, John E. Dennett, Salt Lake City, for respondent.

CALLISTER, Justice.

Appeal from summary judgment in favor of plaintiff, J. Golden Barton Motor Company, Incorporated, in the sum of $500 for alleged breach of contract.

The only evidence contained in the record consists of the deposition of the defendant, Calvin D. Jackson, taken at behest of plaintiff, and four exhibits—an "Invoice and Order," two checks of defendant made payable to plaintiff in the sums of $500 and $3,680 respectively, and an application for certificate of title signed by defendant.

Facts disclosed by the record are as follows: on December 10, 1957, defendant visited plaintiff's place of business and conferred with one Dean Roberts, a salesman for plaintiff. Defendant was interested in purchasing a certain Mercury Parklane automobile. He asked Mr. Roberts about the price and was told in effect that it could be purchased for $500 down and $100 per month for 36 months. Defendant agreed to this arrangement and Roberts proceeded to fill out an "Invoice and Order" form. As first completed, the form designated the cash selling price as $4,080, the deposit of $500, and the unpaid balance as $3,580 payable in 36 monthly installments of $100 each.

Defendant signed the "Invoice and Order" as filled out by Roberts and delivered to Roberts his check made payable to plaintiff in the sum of $500. Roberts then informed defendant that the "Invoice and Order" would have to be confirmed by the sales manager, George B. Karoulis. Roberts took the form to Karoulis who changed the monthly payments from $100 to $112 and some odd cents.

When the form, as changed, was submitted to defendant, he reluctantly accepted the change. However, shortly thereafter, Karoulis came into the room and stated that Roberts had made a mistake and that the monthly payments should be $118.74. Karoulis then changed the form according-

ly. The following conversation then took place:

Defendant: "Gees, I can't go that high; I can't make those payments. I will have to pay you cash in order to get financing elsewhere."

Karoulis: "Well, we couldn't give you as good a deal that way. We will have to charge you more, because they do make money on their financing. However, we will just run you through Commercial Credit and you can take the car and then you can pay off Commercial Credit."

Defendant: "No, I don't want to do that."

Karoulis: "Everything is all set up. You can just run it through Commercial Credit. You take the car."

Defendant: "No."

Karoulis: "Well, give me a check then to hold it."

Defendant thereupon made out another personal check, payable to plaintiff, in the sum of $3,680. On the face of the check, defendant wrote the following: "This check must be held until and if I secure loan for the amount and release this to be cashed."

At approximately this time, Karoulis signed the "Invoice and Order" on behalf of plaintiff corporation and wrote in the lower left-hand corner, "Cal has alternative for financing from Continental Bank. $100 more if he does finance." The next day defendant stopped payment of the checks.

From the foregoing facts this court concludes that the parties failed to complete a contract. Under the evidence it seems apparent that there was no definite and unequivocal meeting of the minds.[1] Defendant did not accept the last offer, to wit monthly payments of $118.74, and expressly left the matter contingent upon his securing a loan which contingency was not fulfilled.

Reversed. Costs to appellant.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.